**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02897-CMA-CBS

DATALEVER CORPORATION, a Delaware Corporation,

   Plaintiff,

v.

EDWARD SUGG,

   Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO STAY
PENDING CONCLUSION OF PRIOR PROCEEDING**

---

This matter is before the Court on Defendant Edward Sugg's ("Sugg") Motion to Stay Pending Conclusion of Prior Proceeding, filed on November 17, 2011. (Doc. # 3.) Defendant requests that the Court stay the current proceedings and relieve him of his obligation to Answer or otherwise respond in this action until the conclusion of a lawsuit pending in the Circuit Court of Fairfax County, Virginia (the "Virginia Lawsuit"). For the reasons set forth below, Sugg's Motion is denied.

## I. BACKGROUND

This action arises from Sugg's former employment as president of Plaintiff DataLever Corporation ("DataLever"). DataLever initiated this action on October 6, 2011 when it filed a complaint against Sugg in the Boulder County District Court, bringing seven claims for relief (breach of agreement, negligence, breach of fiduciary duty, fraud and deceit, negligent misrepresentation, tortious interference with

prospective business relationship, and tortious interference with existing business relationship). (Doc. # 1-2 at 7-12.)

DataLever's claims in the instant case stem from Sugg's role in a failed merger between DataLever and RedPoint Global, Inc. ("RedPoint"). According to the allegations in DataLever's Complaint, RedPoint advised DataLever that any merger would be contingent on successful completion of a due diligence review. (*Id.*, ¶ 11.) In conjunction with its due diligence review, RedPoint requested that DataLever produce copies of fully executed customer contracts between DataLever and its customers, and billing and payment histories with respect to DataLever's customers. (*Id.*, ¶ 13.) DataLever alleges that Sugg did not provide such documentation, despite assuring RedPoint that he would do so. (*Id.*, ¶ 14-15.) When George Burch, the Chief Executive Officer of DataLever, began searching for the missing customer contracts, he allegedly discovered that nearly half of DataLever's customer files lacked fully executed customer contracts, that Sugg had failed to invoice DataLever's customers consistent with the amounts that customers had agreed to pay, and that at least one of DataLever's customers had terminated its relationship with DataLever based on inaccurate billings. (*Id.* at 17-19.) Allegedly as a result of these discoveries, RedPoint terminated its due diligence investigation and advised DataLever that it would not pursue the merger. (*Id.*, ¶ 25.) DataLever subsequently terminated Sugg for cause on August 29, 2011. (*Id.*, ¶ 26.)

On the same day that DataLever filed its complaint in the Boulder County District Court, DataLever was served with a Summons and Complaint in the Virginia Lawsuit

(Doc. # 5-1), which Sugg had filed on September 28, 2011.  In the Virginia Lawsuit, Sugg alleges that DataLever failed to pay him compensation owed to Sugg under the terms of his Employment Agreement.  (*See* Doc. # 3-1 at 6.)

After removing the case to federal court on diversity grounds, Sugg filed the instant motion to stay proceedings pursuant to the *Colorado River* doctrine.  (Doc. # 3.)  The motion has been fully briefed and is ripe for consideration.  (Doc. ## 5, 10.)

## II.  ANALYSIS

### A.     COLORADO RIVER DOCTRINE STANDARD

The *Colorado River* doctrine permits federal courts to "dismiss or stay a federal action in deference to pending parallel state court proceedings" where the federal court would otherwise have concurrent jurisdiction with the state court.  *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  In such situations, it lies within the discretion of the district court to stay or dismiss the federal action for reasons of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Id.* (quoting *Colorado River*, 424 U.S. at 817).  However, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, and "declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in exceptional circumstances."  *Id.* at 1081; *see also Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959) (stating that the doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.").  The Supreme Court has

cautioned that granting a stay or dismissal pursuant to the *Colorado River* doctrine would be "a serious abuse of discretion" unless "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). Thus, the court's task "is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Id.* at 25-26 (emphasis removed).

In analyzing whether such exceptional circumstances exist to justify a stay or dismissal under *Colorado River*, courts consider a number of non-dispositive factors. *See Fox*, 16 F.3d at 1082 (listing factors). "Before examining these factors, however, a federal court must first determine whether the state and federal proceedings are parallel." *Id.* at 1081. If the cases are not parallel, federal courts must exercise jurisdiction. Suits are considered parallel when substantially the same parties litigate substantially the same issues in different forums. *See id.* Although some circuits "seem to consider how the state proceedings could have been brought in theory," the Tenth Circuit has rejected that approach, instructing district courts to "examine the state proceedings **as they actually exist** to determine whether they are parallel to the federal proceedings." *Id.* (emphasis in original). This approach is preferred by the Tenth Circuit because "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case,

whether it stays or dismisses." *See id.* at 1081-82 (quoting *Moses H. Cone*, 460 U.S. at 28).

**B.     THE CASES ARE NOT "PARALLEL"**

The parties do not appear to dispute that the Virginia Lawsuit involves the same parties as in this case.  Despite the presence of the same parties, the Court finds that the instant case is not parallel to the Virginia Lawsuit because the issues are not substantially the same.   The Virginia Lawsuit involves one breach of contract claim, alleging that Sugg is entitled to unpaid compensation and benefits under the Employment Agreement.  In contrast, the instant case principally involves tort claims based upon Sugg's alleged bad faith, negligence, breach of fiduciary duty and misrepresentations/concealment, which allegedly caused material losses to DataLever when RedPoint decided not to go forward with the planned merger.

Sugg contends that the cases are parallel because both actions related to his employment at DataLever.  Although it is true that both cases arise from Sugg's tenure as president of DataLever, this does not mean that the issues involved in the two cases are "substantially similar."  Sugg fails to explain how the resolution of his claims in the Virginia Lawsuit would dispel of the claims at issue in this case.  Indeed, whether or not Sugg prevails on his breach of contract claim in the Virginia Lawsuit would not appear to affect DataLever's claims in the instant case.[1]  *See Big O Tires, LLC v. Felix Bros.,*

---

[1] Although DataLever could likely have brought these claims as counterclaims in the Virginia Lawsuit, the Court must consider the state proceedings "**as they actually exist**." *Fox*, 16 F.3d at 1081.  Thus, whether or not DataLever could have brought these claims in the Virginia Lawsuit is irrelevant to the issue of whether this case is parallel to the Virginia Lawsuit.  The Court also notes that there is no compulsory counterclaim rule in Virginia and so dismissal on

*Inc.*, No. 10-cv-00362, 2011 WL 6181448, at *4 (D. Colo. Dec. 13, 2011) (unpublished) (noting that plaintiff's business tort claims would be unaffected by concurrent state court adjudication of breach of contract claims); *cf. Int'l Asset Mgmt., Inc. v. Holt*, 487 F. Supp. 2d 1274, 1284 (N.D. Okla. 2007) (finding cases parallel where "the sole issue presented in the federal proceeding is also at issue in the State Case.").

      Not only do the claims in this case involve different legal claims, the claims are also predicated on different facts.[2] In the Virginia Lawsuit, the only factual question that needs to be resolved is whether DataLever failed to pay Sugg compensation that it owed to him pursuant to the Employment Agreement. Nothing in Sugg's complaint in the Virginia Lawsuit suggests that it is predicated in any way on the failed merger between DataLever and RedPoint. (*See* Doc. # 3-1.) In contrast, the instant case will turn primarily (if not exclusively) on questions of fact relating to Sugg's involvement in the failed merger between DataLever and RedPoint. Thus, determination of the Virginia Lawsuit – as it actually exists – would not be determinative of the issues in this case. *See Fox*, 16 F.3d at 1081-82 (finding that cases sufficiently parallel to justify abstention

---

that basis would be unwarranted. *See Marbury Law Grp, PLLC v. Carl*, 799 F. Supp. 2d 66, 74 (D.D.C. 2011) ("there is no such thing as a compulsory counterclaim in Virginia civil practice").

[2] In *Grynberg v. Grey Wolf Drilling Co.*, another court in this district considered a motion to dismiss under *Colorado River*. *See* No. 07-cv-01742, 2008 WL 687363 (D. Colo. Mar. 11, 2008). As in this case, the parties in *Grynberg* were simultaneously litigating a state court lawsuit where one party had sued for a breach of contract claim while, in the federal action, the other party brought tort claims alleging deceptive trade practices, misrepresentation, and theft/conversion. *Id.* at *2. Despite finding that both cases arose from the same factual nucleus, the court concluded that the cases were not parallel because determination of the state court issues would not be determinative of the issues in the federal court case. *See id.* Thus, even if the facts in the Virginia Lawsuit were more closely aligned to the facts in the instant case, this would still not justify abstention under *Colorado River.*

must "necessarily contemplate that the federal court will have nothing further to do in resolving any substantive part of the case"); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (holding that a federal court may only enter a stay under *Colorado River* if it has "full confidence" that the state litigation will end the parties' dispute).

Because this case and the Virginia Lawsuit do not involve substantially the same issues, the Court concludes that the proceedings are not parallel under the *Colorado River* doctrine. As such, the Court's exercise of jurisdiction is appropriate. *See Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (directing the district court to retain jurisdiction if it determines the cases are not parallel, and only determine whether to abstain under the *Colorado River* doctrine if it first finds the cases are parallel).

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Stay Pending Conclusion of Prior Proceedings (Doc. # 3) be DENIED. Defendant is ordered to answer or otherwise respond to the Complaint no later than seven days from the date of this Order. *See* Fed. R. Civ. P. 81(c)(2)(C).

DATED: March  29 , 2012.

BY THE COURT:

*Christine M Arguello*

———————————————
CHRISTINE M. ARGUELLO
United States District Judge